IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMIE L. FORD, # B-18015, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-43-GPM |
| | ) |
| WEXFORD HEALTH SOURCE, | ) |
| JANETTE KINKADE, L. OVERALL | ) |
| and S. HAGENE | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is serving, among other sentences, a sixty year sentence for attempted murder and a thirty year sentence for felony possession of a weapon in prison.  Plaintiff claims that the four defendants, Wexford Health Source (employer of medical staff at Menard), Janette Kinkade (nursing supervisor at Menard), L. Overall (dental director at Menard), and S. Hagene (dental hygienist at Menard), violated his constitutional rights by denying him adequate treatment for a broken tooth (Doc. 1, p. 12). Plaintiff seeks declaratory judgment and compensatory and punitive damages (Doc. 1, p. 14).

Specifically, Plaintiff alleges that on June 14, 2011, one of his teeth broke, causing excruciating pain (Doc. 1, p. 3).  Plaintiff put in a sick call request, but there was no response. Plaintiff also submitted treatment requests to the dental department, again without any response (Doc. 1, p. 4).  Over time, Plaintiff's pain increased, and his tooth continued to fragment.

On December 5, 2011, approximately six months after Plaintiff's tooth broke, a dental hygienist called Plaintiff in for a cleaning, which Plaintiff refused.  Plaintiff explained to

Defendants Hagene and Overall that he was in pain because of a broken tooth. He requested pain medication and dental treatment. Defendants Hagene and Overall agreed to schedule Plaintiff for a dental appointment (Doc. 1, pp. 4-5). Neither Defendant examined Plaintiff's tooth, provided medication, or disclosed his appointment date (Doc. 1, p. 5).

After another 2 and a half months passed without treatment, Plaintiff submitted a written request for pain medication and dental treatment to Defendant Overall on February 24, 2012 (Doc. 1, p. 5; Doc. 1-1, p. 15). Plaintiff also filed two grievances, dated March 15th and April 2nd, setting forth the same requests (Doc. 1, pp. 5-6; Doc. 1-1, pp. 4-7). Defendant Kinkade responded to both grievances in a memorandum dated March 28th, which Plaintiff received on April 11th (Doc. 1, p. 6; Doc. 1-1, p. 9). In the response, Defendant Kinkade explained that Plaintiff was on a long waiting list to see a dentist and should submit a sick call request to the dentist if more immediate treatment was necessary. Plaintiff filed an appeal with the warden the following day (Doc. 1-1, p 8). In it, Plaintiff explained that he had, on multiple occasions, filed sick call requests and had even resorted to having other inmates with dental appointments deliver these treatment requests directly to the dental department.

On April 18th, Plaintiff spoke to a medical technician, with whom he was acquainted, about his untreated dental issues (Doc. 1, p. 6). The medical technician agreed to help Plaintiff secure treatment by delivering Plaintiff's written treatment request to the dental department (Doc. 1, pp. 6-7). The following day, Plaintiff was called to the dental department, where a dentist examined Plaintiff's tooth, treated him for infection, provided him with pain medication, and scheduled an extraction (Doc. 1, p. 7). The dentist extracted Plaintiff's tooth on April 24, 2012.

In his complaint, Plaintiff claims that Defendant Wexford Health Source (the employer of medical staff at Menard) violated his constitutional right to receive adequate dental care by adopting unconstitutional policies which delay the treatment of Menard inmates (Doc. 1, pp. 10, 12). Plaintiff further claims that all defendants exhibited deliberate indifference to his dental needs by delaying treatment of his pain and his broken tooth, in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments (Doc. 1, pp. 12-13).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

According to 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment claim (Count 1) against Defendants Wexford Health Source, based on his allegation that an unconstitutional policy resulted in a delay in his treatment, and against all remaining defendants, including Defendants Kinkade, Overall, and Hagene, based on his allegation that each individual exhibited deliberate indifference to his serious dental needs.

However, Plaintiff's Fourteenth Amendment due process claim (Count 2) shall be dismissed because it is duplicative of the Eighth Amendment deliberate indifference claim. Both claims are based on identical facts, and Plaintiff's case is not enhanced by the addition of a Fourteenth Amendment claim. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels"). Accordingly, Count 2 is dismissed with prejudice.

**Disposition**

    **COUNT 2** is **DISMISSED** with prejudice.

The Clerk of Court shall prepare for **DEFENDANTS WEXFORD HEALTH SOURCE, KINKADE, OVERALL**, and **HAGENE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** April 4, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge