IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMIE L. FORD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WEXFORD HEALTH SOURCE, JANETTE ) <br> KINCADE, L. OVERALL, S. HAGENE, ) <br> ) <br> Defendants. | Case No. 3:13-cv-43-JPG-DGW |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Summary Judgment (Doc. 40) filed by Defendants, Janette Kincade and Samantha Hagene, on August 16, 2013. A hearing pursuant to *Pavey v. Conley*, 544 F .3d 739 (7th Cir. 2008) was held before the undersigned on October 28, 2013. For the reasons set forth below, it is **RECOMMENDED** that the Motion be **GRANTED IN PART AND DENIED IN PART**, that this matter be **DISMISSED** as to Defendant Kincade, that the matter **PROCEED** as to Defendant Hagene, and that the Court adopt the following findings of fact and conclusions of law.

## INTRODUCTION

Plaintiff, Jimmie Ford, an inmate currently at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff contends that Defendants were deliberately indifferent to his serious medical needs by denying

him adequate medical treatment for his broken tooth. At issue is whether Plaintiff exhausted his administrative remedies and properly grieved the issue with respect to Defendants Janette Kincaid and Samantha Hagene prior to filing suit. Defendants Wexford Health Source and L. Overall have not filed motions for summary judgment on the issue of exhaustion.

## FINDINGS OF FACT

Plaintiff submitted a grievance dated March 15, 2012. In that grievance, Plaintiff alleges that he had been requesting treatment for a broken tooth since June 14, 2011 as he was experiencing excruciating pain and was unable to chew food and drink very hot or cold beverages. On or around December 5, 2011, Plaintiff was called into the Dental Department at Menard to get his teeth cleaned by Defendant Hagene. Plaintiff informed the staff that he had a broken tooth that caused him pain. In response, Defendant Hagene reviewed his dental records and told Plaintiff that he was scheduled to get his tooth filled. Plaintiff declined to get his teeth cleaned because of the pain.

Nursing Supervisor, Defendant Janette Kincade, responded to Plaintiff's grievance on March 28, 2012. In her response, Kincade noted that Plaintiff refused to have his teeth cleaned, and that he was put on a list to be seen for his broken tooth. Defendant Kincade explained that the list was very long and Plaintiff would have to wait his turn. Defendant Kincade recommended that Plaintiff submit a sick call slip detailing the pain so he could be seen sooner.

Plaintiff submitted a second grievance dated April 2, 2012. In that grievance, Plaintiff seems to clarify the steps he took to submit his first grievance. Plaintiff states that on March, 15, 2012, the day he submitted his first grievance, Counselor Allsup was on "6 Gallery in the North One Housing Unit." Plaintiff informed her that he had a grievance for her and she

2

accepted it. The remainder of Plaintiff's grievance is an exact recitation of his first grievance. Nursing Supervisor Angela Crain, who is not a party to this case, responded to Plaintiff's grievance on May 19, 2012. Crain noted that she viewed Plaintiff's medical records and found that he was seen on April 19, 2012 by the dental unit and was prescribed Tylenol and antibiotics for an infection. Crain also stated that Plaintiff was seen again by the dental unit on April 24, 2012.

Plaintiff filed his grievances with a grievance officer on April 27, 2012 after receiving a counselor's response on April 11, 2012. In a report dated May 3, 2012, a grievance officer recommended that Plaintiff's grievances be denied as Plaintiff was seen by a dentist on April 19, 2012 and prescribed medication for pain and an infection. Further, the grievance officer stated that the tooth was extracted on April 29, 2012, which resolved Plaintiff's issue. On May 9, 2012, the Chief Administrative Officer concurred in the grievance officer's report. Plaintiff appealed the decision to the ARB on June 1, 2012. The ARB returned the Plaintiff's grievances on January 28, 2013, more than six months later, as untimely because Plaintiff failed to submit them within 60 days of the incident at issue.

### CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in

3

genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events. *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

The PLRA provides:

No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-35 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out,

and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* §504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.*, § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840.

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become

"unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

**Defendant Kincade**

Plaintiff has failed to exhaust his administrative remedies with respect to Defendant Kincade as his grievances fail to identify or state any allegations against her. In fact, Plaintiff's complaints against Defendant Kincade arise from her response to his first grievance. Proper exhaustion requires an inmate file complaints and appeals in the place, and at the time, the prison's administrative rules require so that the agency can address the complaints on the merits. *Pozo*, 286 F.3d at 1025. "The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 Ill. Adm. Code § 504.810(b). Because Plaintiff's first grievance was written before Defendant Kincade's involvement in this matter, it is impossible for Plaintiff to have stated any allegation against her. Further, Plaintiff's second grievance is an exact recitation of his first grievance. At a hearing pursuant to *Pavey v.*

*Conley*, 544 F .3d 739 (7th Cir. 2008), Plaintiff acknowledged these deficiencies and conceded that he did not state any complaints against Defendant Kincade's actions—namely, her response to his first grievance—in his grievances. Plaintiff, however, argued that his letter to the warden with the grievances attached served as a complaint against Defendant Kincade. In his letter to the warden, Plaintiff asserts:

> Both grievances was given a response from Janette Kincaid, RN Nursing Supervisor, (See attached documents). Furthermore in responding to Nurse Kincaid remarks I've turned in numerous requests personally to see the dentist, placing some in North One H.C.U. (sick call) box, given two to the Medical Technician who pass out medication at night time in North One Unit, (I believe her name to be Ms. C. Rayburn), and most recently I gave a request to a fellow inmate (Munson) Friday, April 6, 12 who was going to the dentist himself to see the Dentist Hygienist.

While this Court notes that Plaintiff mentioned Defendant Kincaid in his letter to the warden, there is nothing in the letter that suggests that Plaintiff intended to assert any allegations against her or grieve any issue with respect to her. Plaintiff simply does not allege any wrongdoing on Defendant Kincaid's part. Because Plaintiff's grievances are wholly devoid of any factual allegations against Defendant Kincade, Plaintiff has failed to exhaust his administrative remedies with respect to her.

**Defendant Samantha Hagene**

Defendants claim that Plaintiff failed to exhaust his administrative remedies with respect to Defendant Hagene because his grievances were not filed within the proper timeframe and were denied by the ARB as untimely. Plaintiff's complaints against Defendant Kincade arise from a December 5, 2011 dental appointment where Plaintiff was scheduled to have his teeth cleaned. Plaintiff filed his first grievance on March 15, 2012—beyond the 60 days that an inmate has to file a grievance with a correctional counselor after an incident pursuant to Section

7

504.810. Section 504.810, however, also provides that "if an offender can demonstrate that a grievance was not timely filed for good cause, the grievance shall be considered. " At the hearing pursuant to *Pavey v. Conley*, 544 F .3d 739 (7th Cir. 2008), Plaintiff testified that Defendant Hagene, during the dental appointment on December 5, 2011, informed him that he was scheduled to see a dentist for a filling. Plaintiff relied on that statement and believed he would be seen by a dentist, so he did not immediately file a grievance. Plaintiff further testified that after three months passed, he had no hope that he would see a dentist and filed his first grievance on March 15, 2012. Plaintiff testified that in the three months between the incident and the filing of his first grievance, he wrote letters to the dental department and Defendant Overall to request sick call. This Court finds Plaintiff's testimony credible—specifically that he relied on Defendant Hagene's assertion that he was scheduled to see a dentist which caused him to forgo filing a grievance.

More importantly, the state's administrative apparatus, specifically the grievance officer, did not reject Plaintiff's grievance as untimely; it accepted and denied the grievance on the merits because the tooth extraction had resolved the issue. As such, the grievance officer must have found good cause. Further, as the Seventh Circuit Court of Appeals has held:

> A procedural shortcoming like failing to follow the prison's time deadlines amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming. *Conyers*, 416 F.3d at 585. Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense. *See id.*; *see also Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir.2004) ( "[W]hen a state treats a filing as timely and resolves it on the merits, the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action.");

*Maddox v. Love*, 655 F .3d, 709, 721-22 (7th Cir. 2011).

8

Because the grievance officer denied Plaintiff's grievances on the merits, Defendant Hagene cannot now assert that Plaintiff failed to exhaust his administrative remedies because the ARB rejected the grievances as untimely. Defendants were put on sufficient notice of Plaintiff's claims which satisfies the purpose of the exhaustion requirement under the PLRA. Defendants had an opportunity to address Plaintiff's issue and did, in fact, address the issue when they denied Plaintiff's grievance on the merits. As such, Plaintiff exhausted his administrative remedies as to Defendant Hagene.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment (Doc. 40) be **GRANTED IN PART AND DENIED IN PART,** that the matter be **DISMISSED** as to Defendant Kincade, that the matter **PROCEED** as to Defendant Hagene, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 23, 2014**

*[signature]*

**DONALD G. WILKERSON**
**United States Magistrate Judge**